IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FREDDIE PASCHAL, JR.,                                                    PLAINTIFF

V.                                                                  NO. 2:07CV174-P-D

CLARKSDALE, MS POLICE DEPT., et al.,                                   DEFENDANTS

## OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently being housed at the Coahoma County Jail, filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiff is seeking monetary damages and immediate release from confinement stemming from his arrest for the sell of a controlled substance. Specifically, Plaintiff complains that he has not had a preliminary hearing and he was never given *Miranda* warnings.

After carefully considering the contents of the *pro se* complaints and giving them the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.).

The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

Other than being understandably distressed about being incarcerated, Plaintiff makes no vague or specific complaint about the conditions of confinement. Rather, it appears as though Plaintiff is attempting to have this court officiate the expeditious handling of the criminal state charges lodged against him. To the extent Plaintiff is challenging the fact of his confinement, such a matter is plainly not appropriate for § 1983 relief. Rather, Plaintiff must first obtain habeas corpus relief before bringing suit pursuant to § 1983. Plaintiff has provided no evidence that he has sought relief through a habeas corpus action. Therefore, Plaintiff's claims are devoid of any arguable legal theory worthy of further consideration.

A complaint is frivolous if it lacks an arguable basis in either law or fact, such as relying on an indisputably meritless legal theory. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Since Plaintiff's claims lacks a legal basis, it shall be dismissed for failure to state a claim upon which relief can be granted. Dismissal on this ground warrants the imposition of a "strike" pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, Plaintiff is cautioned that if he accumulates three strikes he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Therefore, this cause will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Plaintiff has also earned one strike pursuant to 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 1st day of November, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE